## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JAMES W. RANSDELL, | § | |
| TDCJ No. 02282238, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL NO. SA-21-CA-0010-XR |
| | § | |
| BOBBY LUMPKIN, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court are *pro se* Petitioner James W. Ransdell's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (ECF No. 1), Respondent Bobby Lumpkin's Answer (ECF No. 10), and Petitioner's Reply (ECF No. 12) thereto. Having reviewed the record and pleadings submitted by both parties, the Court concludes Petitioner is not entitled to relief under the standards prescribed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). *See* 28 U.S.C. § 2254(d). Petitioner is also denied a certificate of appealability.

## I. Background

In August 2019, Petitioner plead guilty in Comal County, Texas, to one count of aggravated assault with a deadly weapon and was sentenced to twelve years of imprisonment. *State v. Ransdell*, No. CR2019-348 (207th Dist. Ct., Comal Cnty., Tex. Aug. 28, 2019); (ECF No. 11-4 at 58-59). Petitioner also plead guilty to one count of bail jumping (failure to appear) and was sentenced to six years of imprisonment, with the sentence to run concurrent to the previous sentence. *State v. Ransdell*, No. CR2019-448 (207th Dist. Ct., Comal Cnty., Tex. Aug. 28, 2019); (ECF No. 11-1 at 59-60).

Because he waived the right to appeal as part of both plea bargain agreements, Petitioner did not directly appeal his convictions and sentences.  Instead, Petitioner challenged the constitutionality of his convictions and sentences by filing two *pro se* applications for state habeas corpus relief on April 22, 2020.  *Ex parte Ransdell*, Nos. 91,645-01, -02 (Tex. Crim. App.); (ECF Nos. 11-1 at 21; 11-4 at 21).  The Texas Court of Criminal Appeals denied these applications without written order on November 25, 2020.  (ECF Nos. 11-2, 11-3).

Petitioner placed the instant federal habeas petition in the prison mail system on December 30, 2020.  (ECF No. 1 at 14).  In the petition, Petitioner raises the same allegations that were rejected by the Texas Court of Criminal Appeals during his state habeas proceedings—namely, that (1) he was unconstitutionally deprived of his right to counsel during the magistration hearings that took place following his separate arrests, and (2) the trial court lacked jurisdiction because of this deprivation.

## II.  Standard of Review

Petitioner's federal habeas petition is governed by the heightened standard of review provided by the AEDPA.  28 U.S.C.A. § 2254.  Under § 2254(d), a petitioner may not obtain federal habeas corpus relief on any claim that was adjudicated on the merits in state court proceedings unless the adjudication of that claim either: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States, or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.  *Brown v. Payton*, 544 U.S. 133, 141 (2005).  This intentionally difficult standard stops just short of imposing a complete bar on federal court relitigation of claims

already rejected in state proceedings. *Harrington v. Richter*, 562 U.S. 86, 102 (2011) (citing *Felker v. Turpin*, 518 U.S. 651, 664 (1996)).

A federal habeas court's inquiry into unreasonableness should always be objective rather than subjective, with a focus on whether the state court's application of clearly established federal law was "objectively unreasonable" and not whether it was incorrect or erroneous. *McDaniel v. Brown*, 558 U.S. 120 (2010); *Wiggins v. Smith*, 539 U.S. 510, 520-21 (2003). Even a strong case for relief does not mean the state court's contrary conclusion was unreasonable, regardless of whether the federal habeas court would have reached a different conclusion itself. *Richter*, 562 U.S. at 102. Instead, a petitioner must show that the decision was objectively unreasonable, which is a "substantially higher threshold." *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007); *Lockyer v. Andrade*, 538 U.S. 63, 75-76 (2003). So long as "fairminded jurists could disagree" on the correctness of the state court's decision, a state court's determination that a claim lacks merit precludes federal habeas relief. *Richter*, 562 U.S. at 101 (citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). In other words, to obtain federal habeas relief on a claim previously adjudicated on the merits in state court, Petitioner must show that the state court's ruling "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id*. at 103; *see also Bobby v. Dixon*, 565 U.S. 23, 24 (2011).

### III.  Merits Analysis

Pursuant to the plea bargain agreements, Petitioner judicially confessed to committing the offenses for which he was indicted, acknowledged the potential range of punishment for each offense, and waived his right to a jury trial.  (ECF Nos. 11-1 at 63-69; 11-4 at 62-68). Nevertheless, Petitioner now challenges the constitutionality of his convictions by arguing that

he was deprived of his right to counsel during the magistration hearings that followed each arrest. Because he voluntarily plead guilty to the convictions he is now challenging under § 2254, however, Petitioner waived the right to challenge all non-jurisdictional defects in his proceedings. Moreover, these allegations were rejected by the state court during Petitioner's state habeas proceedings. As discussed below, the state court's rejection of these claims was neither contrary to, nor an unreasonable application of, Supreme Court precedent. *Richter*, 562 U.S. at 101.

## A.     Petitioner's Pleas Were Voluntary

It is axiomatic that a guilty plea is valid only if entered voluntarily, knowingly, and intelligently, "with sufficient awareness of the relevant circumstances and likely consequences." *Bradshaw v. Stumpf*, 545 U.S. 175, 183 (2005); *United States v. Hernandez*, 234 F.3d 252, 254 (5th Cir. 2000). A plea is intelligently made when the defendant has "real notice of the true nature of the charge against him." *Bousley v. United States*, 523 U.S. 614, 618 (1998) (internal quotation marks omitted). And a plea is "voluntary" if it does not result from force, threats, improper promises, misrepresentations, or coercion. *United States v. Amaya*, 111 F.3d 386, 389 (5th Cir. 1997). The longstanding test for determining the validity of a guilty plea is whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant. *Hill v. Lockhart*, 474 U.S. 52, 56 (1985); *United States v. Juarez*, 672 F.3d 381, 385 (5th Cir. 2012).

The record in this case indicates Petitioner's pleas were a voluntary and intelligent choice and not a result of any misrepresentation or coercion. In both cases, Petitioner signed a plea bargain agreement wherein Petitioner judicially confessed to committing the charged offense and acknowledged the potential punishment range for that offense. (ECF Nos. 11-1 at 63-69; 11-4 at

62-68).   The agreements also indicate Petitioner was represented by counsel, understood the nature of the rights he was waiving by pleading guilty, and entered the plea freely, voluntarily, and knowingly.   *Id*.   Counsel for Petitioner also signed the agreement, stating that he discussed with Petitioner the rights he was waiving and indicating his belief that Petitioner "is mentally competent, understands the admonishments, is aware of the consequences of the plea, and is freely, voluntarily, knowingly and intelligently" entering the pleas.   *Id*.   The trial judge also gave his approval of the agreements, concluding:

> The Court hereby finds that (1) the Defendant was sane when the alleged offense was committed, is mentally competent, is represented by competent counsel, understands the nature of the charges against him/her and the consequences of a plea of guilty or nolo contendere. including the minimum and maximum punishment provided by law; (2) the attorney for the Defendant and the State consent and approve the waiver of trial by jury and agree to stipulate the evidence in this case; and (3) the Defendant's plea of guilty, statements, waivers, stipulations, and judicial confession were freely, voluntarily, knowingly and intelligently made.

*Id*.

Petitioner's signature on the guilty plea documents is *prima facie* proof of the validity of the plea and is entitled to "great evidentiary weight."  *Theriot v. Whitley*, 18 F.3d 311, 314 (5th Cir. 1994); *United States v. Abreo*, 30 F.3d 29, 32 (5th Cir. 1994) (citing *Hobbs v. Blackburn*, 752 F.2d 1079, 1081 (5th Cir. 1985)).  Petitioner's formal declarations in open court also carry "a strong presumption of verity" and constitute a formidable barrier to any subsequent collateral attack.  *United States v. Kayode*, 777 F.3d 719, 729 (5th Cir. 2014) (quoting *Blackledge v. Allison*, 431 U.S. 63, 74 (1977)).  Because Petitioner has not provided any evidence or argument that would overcome these "strong presumptions of verity," this Court denies any allegation made by Petitioner concerning the validity of his guilty pleas.  *Blackledge*, 431 U.S. at 74 (finding "[t]he subsequent presentation of conclusory allegations which are unsupported by specifics is subject to summary dismissal.").

**B.      Petitioner's Claims Were Waived by the Guilty Pleas**

By entering a knowing, intelligent, and voluntary guilty plea, a defendant waives all non-jurisdictional defects preceding the plea.  *Tollett v. Henderson*, 411 U.S. 258, 265 (1973); *United States v. Scruggs*, 714 F.3d 258, 261-62 (5th Cir. 2013).  This rule encompasses errors of constitutional dimension that do not affect the voluntariness of the plea, such as claims of governmental misconduct and objections to searches and seizures that violate the Fourth Amendment.  *United States v. Cothran*, 302 F.3d 279, 285-86 (5th Cir. 2002) (citations omitted); *Franklin v. United States*, 589 F.2d 192, 194-95 (5th Cir. 1979) ( "Franklin's claims regarding *Miranda* warnings, coerced confessions, perjury, and illegal searches and seizures are not jurisdictional in nature and thus do not require our consideration.").  As such, the only claims that survive a guilty plea are those implicating the validity of the plea itself.  *Tollett*, 411 U.S. at 267; *United States v. Glinsey*, 209 F.3d 386, 392 (5th Cir. 2000).

Here, Petitioner claims that his convictions were unconstitutional because he was deprived of his right to counsel at magistration.  But Petitioner fails to provide any relevant support for his argument that such a deprivation is jurisdictional, much less demonstrate how the alleged deprivation somehow relates to the voluntariness of his guilty pleas.  Accordingly, Petitioner's claims are waived by his knowing, voluntary, and intelligent guilty plea.

**C.      Alternatively, the Claims Are Without Merit**

Even assuming Petitioner's allegations were not waived by his valid guilty pleas, he fails to demonstrate a constitutional right to have counsel present at magistration.  Under Texas law, a defendant must be brought before a magistrate for hearing within 48 hours after being arrested.  *See* Tex. Code Crim. Proc. Art. 15.17(a) (West 2019).  This hearing—known as an "Article

15.17 hearing"—requires the magistrate to inform the accused "of the accusation against him and of any affidavit filed therewith, of his right to retain counsel, of his right to remain silent, of his right to have an attorney present during any interview with peace officers or attorneys representing the state, of his right to terminate the interview at any time, and of his right to have an examining trial. The magistrate shall also inform the person arrested of the person's right to request the appointment of counsel if the person cannot afford counsel." *Id*.

The Supreme Court has held that the right to counsel attaches, for Sixth Amendment purposes, when a defendant appears for an Article 15.17 hearing. *Rothgery v. Gillespie Cty*., Tex., 554 U.S. 191, 213 (2008). Counsel must be appointed "within a reasonable time *after* attachment to allow for adequate representation at any critical stage before trial, as well as at trial itself." *Id*. at 212 (emphasis added). But while an Article 15.17 hearing "plainly signals attachment," it is not a "critical stage" of the state criminal proceeding at which an attorney's presence is mandatory. *Id*. Indeed, contrary to Petitioner's assertions, nothing in *Rothgery* requires the appointment of an attorney prior to an Article 15.17 hearing or the physical presence of one during the article 15.17 hearing. Consequently, Petitioner fails to demonstrate that the state court's rejection of his allegations during Petitioner's state habeas proceedings was either contrary to, or an unreasonable application of, clearly established federal law. For these reasons, federal habeas relief is denied.

## IV.  Certificate of Appealability

The Court must now determine whether to issue a certificate of appealability (COA). *See* Rule 11(a) of the Rules Governing § 2254 Proceedings; *Miller–El v. Cockrell,* 537 U.S. 322, 335-36 (2003) (citing 28 U.S.C. § 2253(c)(1)). A COA may issue only if a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). If a district

court rejects a petitioner's constitutional claims on the merits, the petitioner must demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  This requires a petitioner to show "that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller–El*, 537 U.S. at 336 (citation omitted).

A district court may deny a COA *sua sponte* without requiring further briefing or argument.  *See Alexander v. Johnson,* 211 F.3d 895, 898 (5th Cir. 2000).  For the reasons set forth above, the Court concludes that jurists of reason would not debate the conclusion that Petitioner was not entitled to federal habeas relief.  As such, a COA will not issue.

## V.  <u>Conclusion and Order</u>

Petitioner has failed to establish that the state court's rejection of the aforementioned claims on the merits during his state habeas proceedings was either (1) contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States, or (2) based on an unreasonable determination of the facts in light of the evidence presented during Petitioner's state trial and habeas corpus proceedings.

Accordingly, based on the foregoing reasons, **IT IS HEREBY ORDERED** that:

1.  Federal habeas corpus relief is **DENIED** and Petitioner James W. Ransdell's § 2254 petition (ECF No. 1) is **DISMISSED WITH PREJUDICE**;

2.  No Certificate of Appealability shall issue in this case; and

3.  All other motions, if any, are **DENIED**, and this case is now **CLOSED**.

SIGNED this 23rd day of September, 2021.

XAVIER  RODRIGUEZ
UNITED STATES DISTRICT JUDGE